Moncure, P.,
delivered the opinion of the court.
1. The court is of opinion, that Richard Omohundro Jr., was guilty of a breach of trust, in collecting in confederate money, in March and April 1863, the bonds for the deferred installments of the purchase money of the Gale Hill tract of land; and also, in selling for confederate money, in March 1863, the Wills’ tract of land in the proceedings mentioned. At those periods the actual value of confederate money was depreciated greatly below its nominal value. There was then no necessity, and could not for a long time be any, for converting the subject into money, as it could not be divided among the parties entitled thereto, some of whom were non-residents of the state. The subject was.then in the best possible state in which it could be and remain during the war, which was then fla *830 grant; a part of it consisting of good specie debts, perfectly well secured; and the residue consisting of valuable real estate.
2. The court is further-of opinion, that it is proved by the evidence in the record, that Silas Onaohundro persuaded his brother Richard, Jr., to make the collection and sale aforesaid; promising to receive his portion of the proceeds thereof in confederate money, and to borrow the balance of said proceeds in said money, (which would be as useful to him as good money,) and account for it after the war in money then current; and the said Richard, Jr., was induced by such persuasion and promise to make such collection and sale, and such disposition of the proceeds thereof as aforesaid.
3. The court is further of opinion that Silas Omohundro, by such persuasion and promise, and by receiving and borrowing the money of his brother Richard as aforesaid, became a particeps criminis in the said breach of trust, and became liable to indemnify his brother Richard and all the other heirs of their father who had not consented to receivé confederate money in payment of their shares of the proceeds of sale of the real estate of their father, against loss arising from the said collection and sale.
4. The court is further of opinion, that the judg-. ment of the supreme court of appeals in favor of the executor of Silas Omohundro against Richard Omohundro, Jr., in the case of Omohundro’s ex’or. v. Omohundro, 21 Gratt. 626, is not a bar to the liability of the said Silas for the indemnity of the said Richard and the other heirs of their father as aforesaid. Even if that judgment had been a final judgment, in favor of the defendant in the action of covenant in which it was rendered, it would not have been conclusive, except between the parties thereto, to-wit: the plaintiff *831 Richard Omohundro, and the defendant, the personal representative of Silas Omohundro. The other heirs at law of Richard Omohundro, Sr., not being parties to the action at law in which the said iudsjment was rendered, were, of course, not concluded thereby. Richard Omohundro, Jr., had no authority to collect the deferred installments of the purchase money of Gale Hill, much less to collect them in confederate money. The bonds for those installments were directed by the court under whose decree the said property was sold, to be returned to the said •court and filed among the papers of the suit in which the said decree was made, and there was no order of said court authorizing him to withdraw and collect the said bonds. Nor had he any authority to sell, as he did, the Wills’ tract of land at private sale for cash, and much less for confederate money. Still less had he any authority to loan to his brother Silas the proceeds of said collection and sale, or any part thereof, and take his bond, without security, for the repayment of the same in confederate money.
There is nothing, therefore, in the said judgment of this court, and would have been nothing in the said judgment if it had been final and conclusive between the parties thereto, to conclude or prevent the other heirs of Richard Omohundro, Sr., from claiming and recovering their respective portions of the real estate of their father or of the proceeds of the sale thereof, and for that purpose, from further prosecuting, as they have done and are now doing, the said suit in which the said decree was rendered, and in which also was rendered the decree appealed from in this case. But in fact the said judgment was not final and conclusive in its nature and effect, even as between the parties to the action, but merely decided the case as it then stood *832 upon the record, reversed the judgment of the court below, set aside the verdict, awarded a new trial, and remanded the cause to the court below to be proceeded with in accordance with the principles announced in the judgment of this court. The coui’t construed the covenant on which the action was brought without any light derived from the surrounding circumstances, of which there was no evidence in the record; and in so construing it, though of opinion that “what the parties intended by their written agreement is not very clear,” yet the court held the contract to be one for the payment of confederate money; aud that as the case was presented by the record, the plaintiff was entitled to the value of the currency advanced by him, scaled as of the date of the contract, with interest thereon from that period.
5. The court is further of opinion, that though the contract aforesaid, construed as it was by this court, looking alone to the written contract itself, and without the light of any of the surrounding circumstances, was properly construed to be a contract for the payment of confederate money, and therefore to be scale-able; yet, in the light of all the surrounding circumstances as they appear in this record, it ought to be construed as a contract payable in current or good money on demand after the war, or in confederate money on demand during the war, at the election of the said Eichard Omohundro, Jr., and it may in this cause be construed in the light of those circumstances, and effect given to it accordingly.
Looking alone to the written contract for its meaning, it appeared to be a ease in which Eichard Omohundro, Jr., having in his hands in March and April 1863, confederate money to loan out, loaned it to his brother Silas, taking for its repayment with interest, *833 the bond or covenant on which the action at law was brought; and though the terms of the bond were unusual, and it was not very clear “what the parties intended by their written agreement;” yet in that view of the case, this court had no difficulty in holding it to be a contract for the .payment of confederate money.
But looking to the written contract in connection with, and by the light of the surrounding circumstances as they now appear to the court, the case is very different; and there is no difficulty in ascertaining the true intention of the parties, and the meaning of the words used by them in their contract to express that intention. It thus appears that Richard Omohundro, Jr., had no money to loan out in March and April 1863; but he had then in his hands, as a fiduciary, bonds payable in good money and well secured, which he had no occasion to collect, and could not collect in good money during the war, and a valuable tract of land belonging to the heirs of his father, and decreed to be sold for distribution among them by a decree made before the war; but which had not been sold before the war and could not be sold for good money during the war, but could only be sold during that period for confederate money, • which was so depreciated in value as to render a sale of trust property for such a currency a breach of trust, and improper except under very peculiar circumstances. Richard Omohundro, Jr., acting under the advice of his counsel and under his own sense of duty and propriety, had made up his mind, in the state of things which then existed and were getting worse and worse, not to collect the said bonds and sell the said land; when his brother Silas persuaded him to do so, and pay him out of the proceeds of such collection and sale, his portion thereof; and loan him the balance, which he said he *834 could use to great advantage in the payment of debts due in good money, and in his business of a spec-in land and other property; he assuring his brother Richard that he would indemnify him and the b # 0 other heirs of his father against all loss which might possibly arise from such collection and sale. Richard Omohundro, Jr., trusted to this assurance, and yielded to this persuasion of his brother Silas, who was a perfectly responsible man; and accordingly collected the said bonds, sold the said land, and disposed of the proceeds of such collection and sale, in pursuance of his brother’s request; who thereupon executed the bond or covenant aforesaid for the repayment of the money loaned him with interest. These are the clearly proved facts of the case. And if we read the bond in the light of these surrounding circumstances, we can have no difficulty in understanding its meaning; which is as before stated.
That it is legal and admissible so to read the bond, is clear on general principles; and it is especially clear under the provisions of the Code, chapter 188, § 1, p. 979.
6. The court is further of opinion, that the objection made to the amended bill for multifariousness, is not a valid objection to the relief prayed for and given in this case.
f. The court is therefore of opinion that there is no •error in the decree appealed from, and that the same ought to be affirmed.
Decree arrirmed.